

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-25-00325-CV

**CONNECTED SOLAR, LLC**,
Appellant

v.

Joshua **WINCHELL**,
Appellee

From the 225th Judicial District Court, Bexar County, Texas
Trial Court No. 2024CI13294
Honorable Larry Noll, Judge Presiding

Opinion by:  H. Todd McCray, Justice

Sitting:  Rebeca C. Martinez, Chief Justice
Adrian A. Spears II, Justice
H. Todd McCray, Justice

Delivered and Filed: July 31, 2026

AFFIRMED IN PART AS MODIFIED AND REVERSED IN PART AND REMANDED

In this restricted appeal, appellant Connected Solar, LLC challenges a default judgment granted against it. We affirm the judgment in part as modified, and we reverse the judgment in part.

## BACKGROUND

As this is a memorandum opinion and the parties are familiar with the facts of the case, we will not recite them here except as necessary to advise the parties of this court's decision and the basic reasons for it. *See* TEX. R. APP. P. 47.4.

In September of 2023, appellee Joshua Winchell contracted with Connected Solar for the purchase and installation of a residential solar panel system. Several months later, after Winchell secured approvals from his electric company for the installation, Connected Solar failed to install the contracted-for system (or any system) and later claimed it would not be able to provide certain components agreed to in the contract and offered substitute products.

On June 24, 2024, Winchell filed suit against Connected Solar, alleging breach of contract and violations of the Deceptive Trade Practices Act ("DTPA"). Connected Solar was served with process through its registered agent but failed to file an answer. Winchell filed a Motion for Default Judgment, and a hearing on the motion was set for December 5, 2024. Connected Solar did not appear at that hearing and claims the record does not indicate that it was ever served with the notice of hearing.

After the hearing, the trial court signed a default judgment against Connected Solar which included $89,645.16 in actual damages and an additional $268,935.48 for a treble economic damages award under the DTPA for "knowingly" or "intentionally" committing a DTPA violation.

In this restricted appeal, Connected Solar challenges the amounts of the damage awards, the propriety of granting an award of unliquidated damages under the DTPA, and the sufficiency of the evidence in support of the award of unliquidated damages under the DTPA.

## STANDARD

A restricted appeal is a direct attack on a default judgment. *Paez v. Trent Smith Custom Homes*, No. 04–13–00394–CV, 2014 WL 1089751, at *2 (Tex. App.—San Antonio March 19,

2014, no pet.) (mem. op.). There are two primary types of default judgments: a no-answer default judgment and a post-answer default judgment. *See Paradigm Oil, Inc. v. Retamco Operating, Inc.*, 372 S.W.3d 177, 183–84 (Tex. 2012); *Dolgencorp of Tex., Inc. v. Lerma*, 288 S.W.3d 922, 930 (Tex. 2009) (per curiam). This case concerns a no-answer default judgment.

A no-answer default judgment is "caused by a defendant's failure to answer after service." *Paradigm Oil, Inc.*, 372 S.W.3d at 183; *see also* TEX. R. CIV. P. 239. The non-answering defendant "is said to have admitted both the truth of facts set out in the petition and the defendant's liability on any cause of action properly alleged by those facts." *Paradigm Oil*, 372 S.W.3d at 183. Consequently, "[w]hen a no-answer default judgment is rendered, the defendant's liability for all causes of action pled is conclusively established and all allegations of fact in the petition, except the amount of unliquidated damages, are deemed admitted." *Paradigm Oil, Inc. v. Retamco Operating, Inc.*, 242 S.W.3d 67, 72 (Tex. App.—San Antonio 2007, pet. denied).

"No-answer default judgments are disfavored" under Texas law. *In re Lakeside Resort JV, LLC*, 689 S.W.3d 916, 920 (Tex. 2024) (citation omitted). Accordingly, "any doubts about a default judgment must be resolved against the party who secured the default." *Id.* at 922. To prevail on a restricted appeal, an appealing party must show that: (1) he brought the appeal within six months after the trial court signed the judgment; (2) he was a party to the suit; (3) he did not "participate" in the hearing that resulted in the complained-of judgment, nor did he timely file any post judgment motions or requests for findings of fact and conclusions of law; and (4) error is "apparent from the face of the record." *See* TEX. R. APP. P. 30; *Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 848 (Tex. 2004); *Paez*, 2014 WL 1089751, at *2.

The parties seem to agree that Connected Solar satisfied the first three elements. Moreover, the record supports these elements. Therefore, this appeal considers whether the errors alleged by Connected Solar are apparent from the face of the record. The face of the record includes all papers

on file in the appeal—the documents in the clerk's record and the reporter's record. *Paez*, 2014 WL 1089751, at *2.

ANALYSIS

## I.      The Record Does Not Support An Actual Damages Award of $89,645.16.

Connected Solar does not dispute that liability for the actual damages award was properly established.[1] However, in its first issue, Connected Solar asserts that the actual damages award of $89,645.16—which represents the full contract price for the residential solar panel system—is not supported by the record because the uncontroverted evidence demonstrates that Winchell has only paid ninety percent of the contract price, or $80,680.64. Winchell agrees with this conclusion and, after a review of the record, we do as well. Accordingly, we conclude the actual damages award should be reduced to $80,680.64. We sustain Connected Solar's first issue and we modify the trial court's judgment to reflect the award of $80,680.64 in actual damages and affirm this judgment as modified.

## II.      The Record Does Not Support A Prejudgment Interest Award of $35,858.06.

In its second issue, Connected Solar asserts that the prejudgment interest award of $35,858.06 should be modified to $2,813.74. We agree that the current prejudgment interest award is not justifiable. *See* TEX. BUS. & COM. CODE § 17.50(f) (a court may not award prejudgment interest on "additional" damages; "additional" includes trebled amount). We therefore sustain Connected Solar's second issue and reverse the trial court's award of prejudgment interest with instructions to award prejudgment interest on the revised amount of actual damages—$80,680.64.

---

[1] Because the default judgment establishes Connected Solar's liability on any cause of action properly alleged by those facts, it would appear that the actual damages award could be based on either Winchell's breach of contract claim or his claim for violations of sections 17.46(b) and 17.50(a)(2) of the DTPA. Connected Solar has not asserted that the petition did not provide it with "fair notice."

## III. The Record Does Not Support A Treble Damages Award Under the DTPA.

Connected Solar also presents several arguments challenging the propriety of the additional damages awarded under section 17.50(b)(1) for knowingly and intentionally violating the DTPA. As it is dispositive of the appeal, we analyze Connected Solar's claim that Winchell did not produce sufficient evidence that it "knowingly" or "intentionally" violated the DTPA.[2]

Under section 17.50(b)(1) of the DTPA, additional damages may be awarded if the fact-finder determines the conduct violating the DTPA was committed knowingly or intentionally.

> If the trier of fact finds that the conduct of the defendant was committed knowingly, the consumer may also recover damages for mental anguish, as found by the trier of fact, and the trier of fact may award not more than three times the amount of economic damages; or if the trier of fact finds the conduct was committed intentionally, the consumer may recover damages for mental anguish, as found by the trier of fact, and the trier of fact may award not more than three times the amount of damages for mental anguish and economic damages[.]

TEX. BUS. & COM. CODE § 17.50(b)(1).

However, while a default judgment operates as an admission of the material facts alleged in a plaintiff's petition, such admissions do not extend to claims for unliquidated damages. *See Sunrizon Homes, Inc. v. Fuller*, 747 S.W.2d 530, 534 (Tex. App.—San Antonio 1988, writ denied) (holding punitive damages are not admitted by default in a DTPA case). Accordingly, while the default judgment established Connected Solar's liability for violating sections 17.46(b) and 17.50(a)(2) of the DTPA, Winchell is still required to present sufficient evidence to support a claim

---

[2] Connected Solar also argues that the treble damages award under the DTPA 1) was calculated incorrectly, and 2) is constitutionally infirm under due process principles because Connected Solar had a right to participate in the evidentiary hearing on Winchell's enhanced damages claim under section 17.50(b)(1) but was not served with notice of the hearing. *See* TEX. R. APP. P. 47.1 (explaining that we must only address issues "necessary to final disposition of the appeal").

that Connected Solar "knowingly" or "intentionally" violated section 17.46(b) or 17.50(a)(2) of the DTPA.[3] After reviewing the record, we conclude that Winchell failed to do so.

Winchell's underlying claims are based on assertions that Connected Solar agreed to sell and install a residential solar energy system for Winchell while intending from the beginning not to perform or while knowing from the beginning it would be unable to perform due to a lack of access to the specified Tesla solar panels. In his declaration, Winchell explains that the agreement was executed in September 2023 and that, at some point after January 2024 he was told that Connected Solar was unable to provide the specified Tesla products and that, in November 2024 he could no longer find Connected Solar listed as an authorized installer on Tesla's website. But neither Connected Solar's statements in 2024 nor Winchell's observations later that same year, provide evidence Connected Solar was aware when it executed the agreement in September of 2023 that the equipment from Tesla would not be available for installation at Winchell's home. Nor does Winchell provide any evidence that Connected Solar otherwise did not intend to perform its obligations when it executed the agreement.

Absent such evidence, Winchell cannot demonstrate the foreknowledge or intent required for enhanced damages under section 17.50(b)(1).[4] Accordingly, we conclude the evidence was

---

[3] *See* TEX. BUS. & COM. CODE § 17.45(9) ("'Knowingly' means actual awareness, at the time of the act or practice complained of, of the falsity, deception, or unfairness of the act or practice giving rise to the consumer's claim or, in an action brought under Subdivision (2) of Subsection (a) of Section 17.50, actual awareness of the act, practice, condition, defect, or failure constituting the breach of warranty, but actual awareness may be inferred where objective manifestations indicate that a person acted with actual awareness."); *id*. at § 17.45(13) ("'Intentionally' means actual awareness of the falsity, deception, or unfairness of the act or practice, or the condition, defect, or failure constituting a breach of warranty giving rise to the consumer's claim, coupled with the specific intent that the consumer act in detrimental reliance on the falsity or deception or in detrimental ignorance of the unfairness. Intention may be inferred from objective manifestations that indicate that the person acted intentionally or from facts showing that a defendant acted with flagrant disregard of prudent and fair business practices to the extent that the defendant should be treated as having acted intentionally.").

[4] *Ferreira v. Russell*, No. 05-16-01235-CV, 2018 WL 3829231, at *3 (Tex. App.—Dallas Aug. 13, 2018, no pet.) (mem. op.) ("Ferreira's first issue argues that the evidence is legally insufficient to establish that he knew at the time of the agreement that the construction delays would occur. We agree. Our record review does not yield any direct or circumstantial evidence that Ferreira had such knowledge when he and Russel entered into their agreement. Moreover, that these circumstances later arose is no evidence that Ferreira had fore knowledge that they would do so.").

both legally and factually insufficient to support the additional (treble) damages awarded under section 17.50(b)(1).

**CONCLUSION**

"[W]hen an appellate court sustains a no evidence point after an *uncontested* hearing on unliquidated damages following a no-answer default judgment, the appropriate disposition is a remand for a new trial on the issue of unliquidated damages." *Holt Atherton Indus., Inc. v. Heine*, 835 S.W.2d 80, 86 (Tex. 1992); *see also Canales v. Capital Aggregates, Inc.*, No. 04-19-00655-CV, 2020 WL 4483417, at *3 (Tex. App.—San Antonio Aug. 5, 2020, no pet.) (mem. op) (holding that, in the absence of evidence to support the award of unliquidated damages, "the trial court's default judgment must be reversed in part and the issue of unproven unliquidated damages remanded for a new trial.").

Accordingly, we AFFIRM as MODIFIED the actual damages award and the prejudgment interest award. We REVERSE the portion of the default judgment awarding unliquidated damages under Section 17.50(b)(1) of the DTPA and REMAND the cause for a new trial on the issue of unliquidated damages. Because we are reversing this issue, and there is no breakdown of the division of the attorneys' fees and costs per issue, we also REVERSE these awards and REMAND them to the trial court for a redetermination of attorneys' fees and costs following the new trial on the issue of unliquidated damages.

H. Todd McCray, Justice